AMBASSADOR MANAGEMENT CORPORATION et al., Plaintiffs, *v.* INCORPORATED VILLAGE OF HEMPSTEAD, Defendant.

Supreme Court, Special Term, Nassau County, October 31, 1945.

*Samuel M. Levy* for plaintiffs.

*C. H. Tunnicliffe Jones* for defendant.

LOCKWOOD, J. Plaintiffs move for judgment on the pleadings under rule 112 of the Rules of Civil Practice.

The complaint alleges six causes of action. The facts alleged as to each of the three plaintiffs are substantially the same, except as to parcels of real property involved and the amounts of assessments.

The question involved is the power of the defendant village to levy a local assessment for the cost of land to be used as a parking place.

The defendant admits all the material factual matters alleged in the complaint and sets up six separate and distinct defenses.

The undisputed facts are substantially as follows: Early in 1940 the defendant village instituted proceedings pursuant to article 14 of the Village Law to acquire certain lands within the block bounded by Fulton, Main, Front and Washington Streets in the village of Hempstead for a parking place. The land to be acquired was shown on two maps.

Commissioners of Estimate were duly appointed and thereafter made awards to the owners of the property acquired, shown on map 6 R 234, totaling, with interest, $368,951.19. Their report was confirmed on July 19, 1943.

The awards to the owners of land shown on map 6D 234A, with interest, was $42,772.76. The commissioners' report was confirmed on August 2, 1943.

The village appealed from the order of confirmation as to the land shown on map 6 R 234, but the appeal was withdrawn upon the consent of the owner of the property acquired, to a reduction of $27,640.

The village charged against this fund $3,512.60 for legal and other expenses connected with the appeal and the negotiations resulting in the settlement, and prorated the balance in reduction of the benefit assessments by 5.9642%.

The final report of the Commissioners of Assessment as to the land shown on map 6 R 234, fixing the total cost at $404,-637.15 and apportioning the assessment upon the benefit parcels, was confirmed on July 19, 1943.

As to the land shown on map 6D 234A, the final report of the Commissioners of Assessment fixing the total cost at $42,772.76 and apportioning the assessment upon the benefit parcels, was confirmed on August 2, 1943.

No appeals have been taken from the orders of confirmation.

Plaintiffs bring this action in equity to set aside the assessments as invalid, null and void.

Plaintiffs contend, that the defendant had no power to assess the cost of the acquisition of real property for a parking space on a limited area of assessment; that the area of assessment should have included all the real property contained within the territorial limits of the village; that if there is any power vested in the defendant by the statute to assess for benefit the cost of acquisition of real property for a parking space on real property within a limited area, such statute is in contravention of section 11 of article I of the Constitution of the State of New York, and amendments V and XIV of the Constitution of the United States.

Further, that the assessment was unlawfully levied, imposed and entered at a time when the amount of compensation to be paid to the owners of property acquired had not been finally determined.

Stripped of the technicalities of pleading, and possibly somewhat obscured by the numerous legal contentions of the parties, the sole question presented is whether or not the assessments here involved were levied in accordance with the provisions of the statute, and if so, are the statutory provisions constitutional?

The Village Law, subdivision 5 of section 306 of article 14, defines " Highway " as including a " parking place ".

Section 307 provides that when a village is authorized to acquire real property for a parking place, " the cost of acquisition of such real property, or a portion of such cost, may be assessed upon real property, benefited by the improvement in accordance with the provisions of this article."

Section 312 provides: " The board, by resolution, may also determine and direct that the whole or a specified portion of the cost of acquisition of real property to be acquired in the proceeding shall be borne by the real property benefited by the improvement."

Section 314 provides: " Whenever the board of trustees shall have directed that any real property shall be acquired for the purposes provided for in this article, and shall have determined that the cost and expense of the acquisition or of a portion thereof, shall be borne by the real property benefited thereby, it shall * * * fix and determine upon an area * * * of assessment for benefit, and it may review and alter such area of assessment at any time before the entry of the final decree of the court as to assessments or the entry of the order of the court confirming the report of the commissioner of assessment, as the case may be."

The board of trustees of defendant was fully authorized to impose the assessments alleged in the complaint, and to determine the area of assessment.

The plaintiffs have no reason to complain that the assessment was reduced by reason of the appeal and the subsequent settlement by a reduction in the awards.

The constitutional point urged by plaintiffs is that defendant acquired the realty for use as a parking space in a proprietary, and not in a governmental capacity, and that defendant could operate the parking space as a business enterprise, charging rental for the use thereof.

That since defendant owns the parking space in a proprietary capacity, an assessment to pay the cost of acquisition is the taking of property without just compensation.

There is no substance to this contention. Defendant did not acquire this real property as a public hack stand referred to by subdivision 18-a of section 89 of the Village Law. The land was acquired as a public parking space and must be held by the village in trust for that purpose, the same as land acquired for a highway must be held for that purpose.

If defendant were operating the parking space as a business, deriving revenue from it, of course plaintiffs would be justified in complaining that the cost of the acquisition was defrayed by a local assessment, but no such allegation is contained in the complaint.

The parking space here involved is in the congested business section of the village and its acquisition was, no doubt, designed to relieve traffic conditions caused by the attraction of customers to the business establishments operated in the area which the trustees deemed benefited by the improvement.

Judgment upon the pleadings is granted in favor of the defendant.