CITY OF WASILLA, Appellant,

v.

William WILSONOFF and Leona Wilsonoff, Appellees.

No. S–377.

Supreme Court of Alaska.

April 19, 1985.

Kathleen C. Barron, Schanen Law Firm, Wasilla, for appellant.

Therese A. McGuire, Lynch, Farney and Crosby, Anchorage, for appellees.

Before RABINOWITZ, C.J., BURKE, MATTHEWS, COMPTON and MOORE, JJ.

OPINION

MOORE, Justice.

This case involves a dispute between the City of Wasilla ["city"] and city residents, the Wilsonoffs, about an assessment the city levied against the Wilsonoffs' property for a percentage of the cost of a new municipal water system. The Wilsonoffs requested an exemption from the city's assessment rolls, contending that the municipal water system would not benefit their property. The city council denied their request. On appeal the superior court reversed the city council's decision, holding that the council abused its discretion by levying an assessment against the Wilsonoffs' property. We reverse the superior court and affirm the city council's decision because the Wilsonoffs failed to overcome the presumption of correctness that accompanied the city's assessment determination.

I. FACTS

On June 28, 1978 the city council of the City of Wasilla enacted Resolution No. W78–S–4 to establish a municipal water system. Pursuant to their resolution, the city council assessed the real property located within the water improvement district for the water project's cost, allocating the assessments by determining the propor-

tional share of benefit each property owner received from the installation of the municipal water system.

The Wilsonoffs own a lot in the Shadowood Valley Subdivision in Wasilla. The city council included this property within the water improvement district and assessed the Wilsonoffs $4,235.53 for the benefit they would receive by their proximity to the Nelson Avenue water main. The Wilsonoffs objected, claiming the water main could not benefit their property due to the topography of their lot.

At two public hearings held in May 1982, the Wilsonoffs presented arguments supporting their position. First, they contended that it would not be economically feasible to pump city water up the steep embankment between the Nelson Avenue main and their house. Second, the Wilsonoffs maintained that building restrictions prevented them from subdividing their lot and developing the southern portion bordering the city water main. Finally, the Wilsonoffs claimed that the fire hydrant installed on the southeastern corner of their lot did not provide them with either increased fire protection or a reduction in fire insurance rates.

The city council voted to exempt the Wilsonoffs from the mandatory hookup requirement, but not from the assessment. The Wilsonoffs appealed the city council's decision to the superior court. In February 1984 the superior court reversed the city council. The court held that the city abused its discretion in ordering an assessment on the Wilsonoffs' property due to "insufficient evidence in the record to support the finding by the [city] council to support assessment of [the Wilsonoffs'] property." The court then denied the city's motion for reconsideration or, in the alternative, a new trial.

## II. DISCUSSION

### A. Benefit under an Assessment

■ The city maintains that the Wilsonoffs were not exempt from the assessment roll because their property derived a benefit from the municipal water system. Under Alaska law only property benefited by a municipality's improvement plan is subject to an assessment. AS 29.63.020(b). Furthermore, a city council's assessment must be in proportion to the benefit received. AS 29.63.040(a). As the city correctly pointed out, however, the benefit to the assessed property does not have to be immediate. In 2 C. Antieau, *Municipal Corporation Law*, § 14.34 (1985), Professor Antieau states:

> In determining whether particular properties have received sufficient benefits to make the assessments on these tracts legal, courts do not limit their inquiry to the uses to which the properties are presently put, but consider all uses to which the property, now and in the future, can legally and practically be put.

The territorial district court addressed the issue of "benefit" to assessed property in *Kissane v. City of Anchorage*, 17 Alaska 514, 159 F.Supp. 733 (D.C.Alaska 1958). The court upheld a special assessment for a parking garage against a residential property owner. Although the improvement did not result in any immediate benefit, the property's market value increased as a potential business site due to the availability of city parking. The court held that because the property received some "benefit, gain or advantage" from the improvement, the assessment could not be considered "so arbitrary or unjust as to render the method of assessment invalid as a matter of law." *Id.* 159 F.Supp. at 738. The court stated its position as follows:

> It is not essential that the benefits must be direct or immediate, although it is essential that they be based on more than mere speculation or conjecture.

*Id.* at 737.

### B. Burden of Proof

■ We agree with the city that its special assessment determination carries with it a "presumption of correctness."

> If the apportionment of special assessments and the question of benefits are matters upon which reasonable men may differ, the determination by the municipal authorities will be sustained by the courts.

2 C. Antieau, *Municipal Corporation Law*, § 14.46 (1985).

The *Kissane* court, in adopting this majority position, noted:

> It has also been generally held that the determination of assessments by municipal corporations ... is a matter of the city council acting in its legislative capacity, ... such determination is conclusive, in the absence of fraud or conduct so arbitrary as to be the equivalent of fraud, or so manifestly arbitrary and unreasonable as to be palpably unjust and oppressive.

*Id.*, 159 F.Supp. at 737.

■ This presumption favoring a city council's assessment determination concomitantly places a heavy burden of proof on the challenging party. As Professor Antieau states:

> [A] property owner seeking to overturn a special assessment against his property has the burden of proving that the assessment was *grossly* beyond benefit, disproportionate or otherwise illegal.

2 C. Antieau, *Municipal Corporation Law*, § 14.45 (1985), (emphasis added). Other Northwestern states share this position. *See Hiransomboon v. City of Tigard*, 35 Or.App. 595, 582 P.2d 34 (1978); *Abbenhaus v. City of Yakima*, 89 Wash.2d 855, 576 P.2d 888 (1978). We adopt the position that when a city levies an assessment for a municipal improvement, the assessment is accorded a presumption of correctness. This presumption implies that the municipal improvement has bestowed a benefit upon the assessed property and that the assessment is fair. *Id.* 576 P.2d at 891. The party challenging the assessment bears the burden of overcoming the presumption of correctness. The question is whether the Wilsonoffs overcame this pre-

sumption and established on the record that the alleged benefit accruing from the installation of the fire hydrant was in fact "mere speculation or conjecture." *Kissane*, 159 F.Supp. at 737.

■ We conclude that the city must prevail because the Wilsonoffs failed to rebut the presumption of correctness accorded the city's assessment. The possible advantages accruing from the installation of the fire hydrant on the southeastern corner of the Wilsonoffs' lot fall within the broad definition of "benefit." [1] *Christoff v. City of Gladstone*, 65 Mich.App. 607, 237 N.W.2d 579 (1976). The Wilsonoffs did not present any competent evidence challenging the presumption of benefit resulting from the installation of the fire hydrant on the corner of their lot. Their evidence was based on mere conjecture. Mrs. Wilsonoff testified that in an emergency it would be difficult to hoist a fire hose up the embankment to reach the house. She also stated that "... as far as we checked into it ..." there would not be a reduction in fire insurance rates for twenty years. Since she did not present any objective documentation to support her assertions, the Wilsonoffs did not meet their burden of proof on this issue. Therefore the city council correctly presumed that the property could conceivably receive some "benefit, gain or advantage" from the installation of the fire hydrant. The city council's assessment determination was valid.[2] *Kissane*, 159 F.Supp. at 738.

The superior court's judgment is REVERSED. The city council's decision is AFFIRMED.

---

**1.** The Wilsonoffs' two additional arguments are not relevant for purposes of this decision. By exempting the Wilsonoffs from the mandatory hookup requirement, the city council conceded that present domestic use was not a benefit in this instance. On the question of the feasibility of subdivision and development, the Wilsonoffs presented competent evidence overcoming the city's presumption of correctness.

**2.** The city also raised the issues of supplementing the record under AS 44.62.570(d) and a trial de novo under AS 44.62.570(d) and Rule 609 of Alaska Appellate Rules. In light of our holding in this case we do not need to address these issues.