■ In the Matter of AJM CAPITAL II, LLC, Appellant, v INCORPORATED VILLAGE OF MUTTONTOWN, Respondent. [14 NYS3d 476]—

In a proceeding pursuant to CPLR article 78, inter alia, to compel the respondent to pay certain tax liens pursuant to Real Property Tax Law § 995, the petitioner appeals from an order of the Supreme Court, Nassau County (K. Murphy, J.), entered August 14, 2013, which denied its cross motion to compel the respondent to join certain parties in the proceeding and granted the respondent's motion to dismiss the petition.

Ordered that on the Court's own motion, the notice of appeal from the order is treated as an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof granting the respondent's motion to dismiss the petition, and substituting therefor a provision denying the motion; as so modified, the order is affirmed, without costs or disbursements.

The respondent, the Incorporated Village of Muttontown, owns three parcels of property located in the Town of Oyster Bay in Nassau County. It is undisputed that all three parcels are portions of dedicated public streets, that the parcels are reflected on the subdivision map on file in the Nassau County Clerk's office as such, and that the Village owns fee title to each of them. One parcel comprises a street known as Westwood Court, and the other two are portions of a street known as Kirby Lane. Even though these parcels were exempt from taxation since they were owned by a municipal corporation and held for public use (see RPTL 406 [1]), the Town levied school and general taxes against them. The Village failed to pay, and the County filed liens against the parcels for the unpaid taxes. The Village never took any action to challenge the erroneous assessment of taxes on the parcels or to vacate the liens. On September 23, 2011, the County assigned three tax lien certificates to the petitioner for liens on the parcels relating to unpaid taxes assessed against them in tax years 1995, 1996, 1999, and 2000.

Thereafter, the petitioner notified the Village that it was the holder of the certificates and advised it of the amount owing under them. On December 14, 2012, the petitioner served the Village's Mayor, Clerk, and Attorney with a formal demand for payment. On February 26, 2013, pursuant to RPTL 995, the petitioner commenced the instant proceeding against the Village to enforce payment under the certificates.

On March 27, 2013, the Village Board of Trustees adopted a resolution pursuant to RPTL 995 finding that the value of the parcels was insufficient to justify payment of the liens and consenting to an order directing the sale of the parcels at public auction in satisfaction of the petitioner's claims. Thereafter, the Village moved to dismiss the petition solely on the ground that the March 27, 2013, resolution satisfied the petitioner's claims, rendering the petition "moot."

The petitioner opposed the motion, arguing, inter alia, that, inasmuch as the parcels were portions of dedicated public

streets, the Village held title to them in trust for the public and could not consent to their sale without specific legislative authorization, and that RPTL 995 was not intended to authorize the Village to do so. It also cross-moved to compel the Village to join certain alleged necessary parties in the proceeding.

The Supreme Court granted the Village's motion and denied the petitioner's cross motion. It determined that the plain language of RPTL 995 authorized the Village to consent to the sale of the parcels in satisfaction of the petitioner's claims, and the March 27, 2013, resolution rendered the proceeding to enforce payment academic. The petitioner appeals.

The Supreme Court erred in granting the Village's motion. RPTL 995 provides that "[r]eal property owned by a municipal corporation shall not be sold or conveyed by foreclosure or otherwise for the nonpayment of any tax or special assessment. Any tax or special assessment validly levied or charged against real property owned by a municipal corporation shall be paid in the same manner as a general municipal charge. . . . If the municipal corporation owning the real property determines that the value thereof is insufficient to justify payment of the tax or special assessment levied thereon, in lieu of payment it may consent to an order directing sale of the property at public auction on such notice as the court may order to satisfy the claim."

However, while RPTL 995 allows a municipality to consent to the sale of property to satisfy a tax lien, not all property owned by a municipality is freely alienable. As relevant here, a municipality holds the fee of dedicated public streets in trust for the public (*see Meriwether v Garrett*, 102 US 472, 513 [1880]; *City of New York v Rice*, 198 NY 124, 128 [1910]; *Knickerbocker Ice Co. v Forty-Second St. & Grand St. Ferry R.R. Co.*, 176 NY 408, 417 [1903]; *Matter of Baker v Village of Elmsford*, 70 AD3d 181, 185 [2009]), and may not convey such a fee unless there is specific legislative authorization permitting it, or the parcel's use as a dedicated public street has been discontinued (*see Meriwether v Garrett*, 102 US at 513; *City of New York v Rice*, 198 NY at 128; *Matter of Baker v Village of Elmsford*, 70 AD3d at 185; *Ambassador Mgt. Corp. v Incorporated Vil. of Hempstead*, 186 Misc 74, 77 [Sup Ct, Nassau County 1945], *affd* 270 App Div 898 [1946]; 10 McQuillen Municipal Corporations § 28:38 [3d ed July 2015]).

RPTL 995 did not provide the Village with that specific authorization. The statute only authorizes petitions to collect "validly levied or charged" taxes (RPTL 995). Since the legislature limited the application of the statute in that way, it

did not contemplate that municipally owned property held for public use, which is exempted from taxation by RPTL 406 (1), would be subject to an enforcement proceeding under RPTL 995, or that such property would be sold by a municipality at public auction in reliance on section 995, in satisfaction of a claim for such taxes (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 222). Contrary to the Village's contention, Village Law § 1-102 likewise did not provide the specific authorization necessary for the Village to sell a dedicated public road.

Since the Village does not have specific legislative authorization, it may not consent to the sale of any of these parcels under RPTL 995 unless their use as dedicated public streets has been discontinued (*see Matter of Baker v Village of Elmsord*, 70 AD3d at 185). As the evidence submitted by the Village in support of its motion did not demonstrate that the use of the parcels as dedicated public streets has been discontinued, the Supreme Court should have denied the Village's motion to dismiss the petition.

The Supreme Court properly denied the petitioner's cross motion to compel the Village to join certain parties in the proceeding. Skelos, J.P., Balkin, Sgroi and LaSalle, JJ., concur.