# THE SAN FRANCISCO AND ALAMEDA WATER COMPANY v. THE ALAMEDA WATER COMPANY.

JUDICIAL CONDEMNATION OF LAND AND WATER FOR USE OF WATER COMPANY CORPORATIONS—POWERS OF COUNTY JUDGE AND COURT THEREIN.—By the provisions of the Act for the incorporation of water companies, (Stats. 1858, p. 218; Stats. 1853, p. 99,) which provide for the judicial condemnation of land and water to the use of water company corporations, the County Judge or County Court before whom such proceedings are prosecuted has no authority to try and determine, in the same proceeding, conflicting adverse claims to the same lands and waters, as between rival corporations, seeking the appropriation and use of the same lands and waters for substantially the same objects; nor has such Judge or Court, in said proceeding, power or authority to determine whether such lands or waters are subject to such condemnation or not.

IDEM.—In such case, the power and authority of the County Judge or Court is limited by said statute to such matters and facts as relate to the regularity of the proceedings for said condemnation.

IDEM.—The right of a water company to resort to the judicial proceeding for the condemnation of lands and waters as prescribed in said Act only arises after its due incorporation and an unavailing effort, made in good faith, on its part, to acquire said property by purchase and consent of its proprietors; and a petition for such condemnation must show said facts, also that the property sought to be condemned is necessary and proper for the lawful objects and purposes of such incorporation.

IDEM.—The power and authority of the County Court or County Judge to act in proceedings for the condemnation of lands and waters under said Act since the constitutional amendment of 1863, not decided.

IDEM—POWERS SO CONFERRED WILL BE STRICTLY CONSTRUED.—The powers conferred by said statute, and all others to condemn private property to the use of another, without the consent of the owner, is in derogation of the common law and of general private rights, and must be strictly construed.

RIGHTS OF RIVAL CORPORATIONS—POWER OF DISTRICT COURT.—Where one of two rival water company corporations had acquired, by purchase and consent of the owner, certain lands and waters which were appropriate to the lawful purpose of its incorporation, and thereafter the other corporation, without showing an unavailing effort made by it, in good faith, to acquire the same property for a like purpose, instituted proceedings under said statute for its condemnation, as against the first corporation; Held, first, that said first corporation might properly resort to the equitable jurisdiction of the District Court to annul a condemnation ordered in said proceeding; and, second, that in such case a judgment of the District Court annulling said proceeding was properly rendered.

APPEAL from the District Court, Third Judicial District, Alameda County.

The facts are stated in the opinion of the Court

*John W. Dwinelle,* for Appellant.

One of the two tribunals before which the defendant instituted proceedings to condemn the waters—either the County Judge or the County Court—had jurisdiction of those proceedings. (Stats. 1858, p. 219, Sec. 2; Stats. 1853, p. 107, Secs. 27–29; *Spring Valley* v. *San Francisco,* 22 Cal. 434; Const. 1849, Art. VI, Sec. 8; Stats. 1850, p. 30; *Thompson* v. *Williams,* 6 Cal. 88; Const. 1862, Art. VI, Secs. 7, 8; Stats. 1863, p. 788; *Ricks* v. *Reed,* 19 Cal. 551; *Curran* v. *Shattuck,* 24 Cal. 433.)

In the proceedings for condemnation of waters, the plaintiff's alleged superior and prior right of appropriation could have been set up in bar of the condemnation demanded by the defendant, and if sustained, would have wholly defeated it. (*Contra Costa R. R. Co.* v. *Moss,* 23 Cal. 323; *Gilman* v. *Lime Point,* 19 Cal. 47; *Dyckman* v. *Mayor of New York,* 5 N. Y., 1 Seld., 434; *Lake Merced Water Co.* v. *Cowles,* 31 Cal. 215.)

If the proceedings of the defendant for the condemnation of the waters were pending before a tribunal which had no jurisdiction, the title of plaintiff's lands could not be clouded, nor could he suffer any other injury from such proceedings which would sustain a complaint in equity or an order of injunction. (*De Witt* v. *Hays,* 2 Cal. 469; *Robinson* v. *Goar,* 6 Cal. 875; *Palmer* v. *Bolling,* 8 Cal. 388; *Sanchez* v. *Carriaga,* 31 Cal. 170; *Curran* v. *Shattuck,* 24 Cal. 427; *Grigsby* v. *Burtnett,* 31 Cal. 406; *Milhan* v. *Sharp,* 27 N. Y., 13 Smith, 611; *Davis* v. *Mayor of New York,* 1 Duer, 451; 3 Duer, 119; 14 N. Y., S. C., 506; 2 Story's Eq. Jur., Secs. 924, 927, 928; *Haywood* v. *City of Buffalo,* 14 N. Y. 534.)

*McCullough & Boyd,* for Respondent.

It is not necessary that proceedings should be commenced to condemn the water. It is sufficient to commence work, and prosecute it towards completion; and if the riparian proprietor desires compensation for the loss of the water, he can compel the company to pay him. (*Kelly* v. *The Natoma Water Co.*, 6 Cal. 105; *Tenny* v. *Miner's Ditch Co.*, 7 Cal. 335; *Thompson* v. *Lee*, 8 Cal. 275; *B. R. & A. W. & M. Co.* v. *N. Y. Mining Co.*, 8 Cal. 327; *Hill* v. *King*, 8 Cal. 136; *Tuolumne Water Co.* v. *Chapman*, 8 Cal. 392; *White* v. *Todd's Val. Water Co.*, 8 Cal. 443; *Butte Canal and Ditch Co.* v. *Vaughn*, 11 Cal. 143; *Kimball* v. *Gearhart*, 12 Cal. 27.)

The appellant claims, therefore, that it had acquired a vested right in the waters of Alameda Creek, sufficient, at least, to prevent any other company from taking them from it unless abandoned by plaintiff. (*Bigelow* v. *Newell*, 10 Pick. 348; Angell on Watercourses, Secs. 490, 492; *Contra Costa R. Co.* v. *Moss*, 23 Cal. 329.)

Although the proceedings taken by the appellant for the condemnation of the lands and waters in question be void as to any person or corporation sought to be affected by it, yet the party aggrieved can seek the aid of a Court of equity to restrain the exercise of the power. (*Head* v. *Fordyce*, 17 Cal. 151; *Hager* v. *Shindler*, 29 Cal. 55; *Deck* v. *Gerke*, 12 Cal. 433; *Lord Portarlington* v. *Soulby*, 8 Eng. Ch. 298; *The Carron Iron Co.* v. *Maclaren*, 35 Eng. Law and Eq. 37; *N. Y. and New Haven R. R. Co.* v. *Schuyler*, 17 How. Pr. 464; *State of New York* v. *Mayor, etc., of New York*, 3 Duer, 119; *Davis* v. *Mayor, etc., of New York*, 1 Duer, 451; 14 N. Y. 506; *Milhan* v. *Sharp*, 27 N. Y. 611; 2 Story's Eq. Jur., Sec. 877; *Curran* v. *Shattuck*, 24 Cal. 427.)

By the Court, SPRAGUE, J.:

The defendant appellant is a corporation organized June 28th, 1865, under the general Act for the incorporation of water companies, passed April 22, 1858, for the purpose, as declared in its articles or certificate of incorporation, of furnishing pure fresh water to the City and County of San Francisco, to the City of Oakland, and to the towns in the County of Alameda, and to the inhabitants thereof, from sources of supply in the County of Alameda, and from other available sources; and respondent is a corporation organized under the same Act, June 3d, 1865, with the declared purpose and object of, by means of acqueducts and pipes conducting and conveying the waters of the creek or river running through a portion of Alameda County, and emptying into the bay of San Francisco, commonly known as Alameda Creek, and its tributaries, into the City and County of San Francisco, and to distribute said waters through the streets and buildings of said city and county, and to sell the same to the inhabitants thereof. Respondent, immediately after its certificate of incorporation had been filed, containing a declaration of its objects and purposes, to wit: between the 6th and 20th June, 1865, and, as is alleged, in pursuance of such object and purpose, purchased and entered into possession of one hundred and sixty acres of land in Alameda Cañon, in and upon said Alameda Creek, and erected dams thereon in and across said creek as the initiative of its contemplated works for diverting, conveying and appropriating all the waters of said creek above said dams. Thereafter, on the 24th of June, 1865, and while respondent was so in the actual possession of its lands and dams thereon constructed as aforesaid, and while it was engaged in the construction of other works necessary to the complete appropriation of the waters of said creek to the purposes and uses of the corporation, appellant instituted proceedings before the County Judge and County Court of Alameda County against respondent and various other parties made defendants

therein, to condemn to its use and purposes all the waters of said Alameda Creek, and certain lands along the bed and margin of the same, extending through and over the lands and works of respondent. After having been served with notice of the pendency of these proceedings, respondent commenced an action in the District Court against appellant to restrain and perpetually enjoin the further prosecution of its proceedings in the County Court or before the County Judge of Alameda County, and from taking any proceedings to obtain a condemnation or appropriation, purchase or possession of the waters of Alameda Creek, or lands of respondent located in and thereon, as against respondent, and to obtain a decree affirming and quieting respondent's title and right thereto as against appellant. To the complaint of respondent in this behalf, appellant answered, admitting substantially the facts as alleged in the complaint, but denying specially the allegations of fraud, and denying plaintiff's alleged appropriation of the waters of Alameda Creek, or its prior right to such waters as against defendant, etc. The cause was submitted to the Court on complaint and answer and affidavits in behalf of defendant, whereupon a decree was made and entered by the Court perpetually enjoining appellant's proceedings to obtain judicial condemnation of the waters of Alameda Creek to its uses. From which order and decree comes this appeal.

We do not understand that any question is made in this case as to the power or authority of the County Court or Judge to act in proceedings for condemnation of lands and waters under the Act of April 22d, 1858, for the incorporation of water companies, since the constitutional amendments of 1863.

Waiving this question, the first point which seems to be presented by this record is, whether in proceedings instituted under the Act above referred to for a judicial condemnation of lands and waters to the uses of water company corporations, the County Judge or Court before whom such proceedings are prosecuted, has authority to try and determine

in the same proceeding conflicting adverse claims to the same lands and waters as between rival corporations seeking the appropriation and use of the same lands and waters for substantially the same objects and purposes; or to determine whether the lands or waters sought to be condemned to the use of the party instituting the proceedings are subject to such condemnation.

If it be competent for the County Court or Judge in proceedings under the statute to try and determine such conflicting adverse claims, or whether such lands and waters are liable to such condemnation, then it is clear that respondent in this case could have fully protected and preserved all its rights in the premises by proper appearance in the tribunal before which appellant had instituted proceedings, and there is no sufficient occasion for its resort to a Court of equity.

Upon careful consideration of the statutes under which appellant's proceedings had been instituted, we are unable to discover any authority thereby vested in the County Court or Judge to try or determine conflicting adverse claims of rival corporations, or whether the lands or waters were liable to condemnation to the use of the applicant as against another party claiming a prior appropriation for the same purposes.

All the authority for this proceeding and the mode of conducting the same, are found in section twenty-eight of the general Act for the incorporation of water companies, passed April 22d, 1858. This section (as are all other like statutes) is in derogation of the common law and of general private rights, and must be strictly construed. It authorizes and prescribes a summary proceeding by which a citizen is divested of property rights without his consent; the power conferred for such purpose upon the special tribunal should, therefore, never be extended or enlarged by implication, but strictly confined within the statutory limits, as to matters subject to its control, and the mode of its exercise.

After a water company is duly incorporated under this Act, it must first seek to acquire by purchase and consent of

the proprietors such property and waters as may be necessary and proper for the accomplishment of its objects, as provided by section twenty-seven, before it is authorized to institute proceedings to condemn to its uses such property and waters under section twenty-eight, and failing in its efforts to secure the same by purchase or voluntary cession, then, upon proof of its inability so to acquire, it may invoke the compulsory process; and in this process, as prescribed in section twenty-eight, the County Judge is not empowered or authorized to adjudicate and pass upon any questions except such matters and facts as relate to the regularity of the proceedings. In the language of the statute, "he shall hear the proofs and allegations of the parties interested *touching the regularity of the proceedings,* and shall by an entry in his minutes appoint five disinterested persons Commissioners, specifying in such entry a time and place for the meeting of the Commissioners;" and the sole duty of the Commissioners is to ascertain and certify, in the manner prescribed by the statute, the compensation proper to be made to the owners and parties interested, for the lands, real estate, and property so to be taken or injuriously affected, after personally viewing the same, and at a time and place previously appointed, hearing the proofs and allegations of the parties *touching the question of compensation.*

The case of the *Contra Costa Railroad Co.* v. *Moss,* 23 Cal. 323, relied upon by appellant, involved questions arising out of proceedings under the general Railroad Law of 1861, by the terms of which much more comprehensive powers and duties seem to have been conferred upon the County Court and District Court in similar special proceedings. By the terms of this latter Act, all parties interested in the property sought to be condemned, whether named as defendants in the petition or not, are authorized "to appear and show cause against said petition on or before the time for the hearing thereof;  *  *  *  and upon the hearing the allegations and proofs of the said parties, if the said Court or Judge shall be satisfied that the said lands, or any part thereof, are

necessary or proper for any of the purposes mentioned in
said petition," etc.   (Stats. 1861, Secs. 25, 28, p. 620, Sec. 33,
p. 621.)  "The said Court or Judge may make all such orders
as may be necessary or proper in the special proceedings pro-
vided for in this Act, and shall cause the pleadings and pro-
ceedings to be amended whenever justice shall require it to
be done," etc.

The case of *Lake Merced Water Co.* v. *Cowles*, 31 Cal. 215,
was an application for mandamus to compel a County Judge
to proceed in the performance of the duties devolved upon
him by the twenty-eighth section of the Act of 1853, in
which proceeding the question of authority and jurisdiction
now under consideration was not directly or indirectly
involved; hence we are forced to regard the suggestion of
the learned Judge who delivered the opinion in that case, as
to what steps might possibly have been properly taken in
proceedings under this section for the adjudication of con-
flicting claims of rival corporations as *obiter dicta*.

From the foregoing views it results that neither the County
Court nor Judge of Alameda County, nor the Commissioners
by the Court or Judge appointed, were authorized in the
special proceeding instituted by appellant to determine the
question of priority of right to the waters of Alameda Creek,
as between appellant and respondent, and the respondent has,
therefore, properly sought an adjustment of the question in
the only tribunal competent to adjudicate the rights of the
parties in the premises; and upon this question of priority of
right we are entirely satisfied with the decision of the Court
below.

Neither party, by the mere act of incorporation under the
general law, acquired any right of property.   The first step
in the acquisition of such property, lands, and water as were
necessary or proper to the accomplishment of the objects and
purposes of the corporation, was to secure the same by vol-
untary cession or grant, by negotiation and purchase from
the parties owning, holding, or interested in the same.

The statute clearly requires a *bona fide* effort to be made

in that direction without success, preliminary to the institution of proceedings to condemn.

From the record in this case it appears that respondent, between the 6th and 20th of June, 1865, after having proclaimed in its articles or certificate of incorporation its purpose to appropriate all the waters of Alameda Creek and its tributaries in the accomplishment of the objects of its incorporation, actually purchased one hundred and sixty acres of land in and upon said creek, entered into possession of the same, and constructed dams thereon, in and across said creek as the initial point of its works, in the appropriation and use of the waters thereof. This certainly appears to have been a *bona fide* effort in the proper direction for the acquisition of the lands and water required for the objects and purposes as announced in its cerdificate of incorporation. If any further acquisition of property or water rights should become necessary in the prosecution of its enterprise to completion, it may, for aught that appears, have secured the same by voluntary cession or by purchase, without ever being compelled to resort to the statutory process for a judicial condemnation.

The first step by appellant for the acquisition of the lands and waters required for the objects and purposes of its incorporation appears to have been taken on the 24th June, 1865, the day of the institution of its proceedings to condemn to its uses certain lands and the waters of the same creek. The answer of appellant in the present case contains an exhibit purporting to be a copy of the notice which it caused to be issued to parties named as defendants in its petition, which notice bears date June 24th, 1865, and in which it is stated "that the parties cannot agree upon a purchase of said lands and waters," but it nowhere appears that appellant had taken any step or made effort in any direction to acquire or secure any lands or any portion of the waters of Alameda Creek prior to the 24th of June, 1865, many days after respondent had purchased lands in and upon the creek, and commenced

thereon the necessary works for the diversion and appropriation of all the waters thereof above such works.

Respondent, therefore, having, prior to the institution of appellant's proceedings to condemn, secured essential property rights in the premises thereby sought to be condemned, by successful negotiation and the construction of works necessary to the appropriation of the waters and accomplishment of the objects of its incorporation, we can discover no just grounds for subordinating its rights thus acquired to the subsequent effort of appellant to acquire the same property rights for similar purposes by compulsory process of acquisition.

Order affirmed.


SANDERSON, J., concurring specially:

I concur in the judgment.