[L. A. No. 19005. In Bank. Aug. 11, 1944.]

CITY OF WHITTIER et al., Petitioners, v. GUY N. DIXON, as City Clerk, etc., Respondent.

Henry L. Knoop, City Attorney, O'Melveny & Myers and James L. Beebe for Petitioners.

Clyde C. Woodworth for Respondent.

TRAYNOR, J.—By this proceeding in mandamus petitioners seek to compel respondent city clerk to countersign a warrant for the payment of the costs of publication of an ordinance of intention, in a proceeding for the formation of Vehicle Parking District No. 1 of the City of Whittier, under the Vehicle Parking District Act of 1943. (Stats. 1943, ch. 971, p. 2859; Deering's Gen. Laws, 1943, Act 5131.3.) Respondent has refused to countersign the warrant contending

that the statute pursuant to which the publication was made, is invalid. The regularity of the proceedings is admitted. ■ It is established that mandamus will lie to compel the performance of a ministerial duty such as the signing of a bond or warrant or the issuance of a warrant. (*Golden Gate Bridge etc. Dist.* v. *Felt*, 214 Cal. 308, 316 [5 P.2d 585]; *Mercury Herald Co.* v. *Moore*, 22 Cal.2d 269 [138 P.2d 673, 147 A.L.R. 1111].) The only issue in this case, therefore, is the validity of the Vehicle Parking District Act of 1943.

Respondent contends that the title of the act does not meet the requirements of section 24 of article IV of the California Constitution, on the ground that the provisions of the act relating to reassessments, the acquisition of property for opening, widening, straightening, or extending of streets or alleys necessary or convenient for ingress to or egress from any parking place, and the improvement of such streets and alleys, are not within the title of the act. The title of the act reads as follows: "An act to provide for the formation of districts within municipalities for the acquisition, construction, maintenance and operation of parking places, garages and other improvements for the parking of motor vehicles; the levy and collection of assessments upon property in said districts; the issuance, sale and payment of bonds secured by such assessments; the collection of rentals, fees, and charges for the use of such parking places, garages or other improvements; the administration thereof; the levy of taxes; and the powers and duties of cities relating thereto." ■ The title of an act meets the constitutional requirements if it contains a reasonably intelligible reference to the subject to which the legislation is addressed. (*Heron* v. *Riley*, 209 Cal. 507 [289 P. 160]; *Evans* v. *Superior Court*, 215 Cal. 58 [8 P.2d 467]; *Southern Service Co.* v. *County of Los Angeles*, 15 Cal.2d 1 [97 P.2d 963]; *Powers Farms* v. *Consolidated Irr. Dist.*, 19 Cal.2d 123 [119 P.2d 717].) ■ The title in question fulfills this condition. The levy and collection of assessments mentioned in the title includes reassessments, for a reassessment is merely an assessment levied in lieu of some earlier assessment. The reference in the title to the acquisition and construction of parking places and other improvements for the parking of motor vehicles includes the acquisition and improvement of lands, property, and rights of way necessary or convenient

for ingress to or egress from any parking place as a necessary incident to the construction of the parking place itself. (*Powers Farms* v. *Consolidated Irr. Dist.*, 19 Cal.2d 123 [119 P.2d 717].)

Respondent contends that by authorizing the appointment of a board of parking place commissioners, the act violates section 13 of article XI of the California Constitution prohibiting the delegation of any municipal function to a special commission. The parking place commissioners, however, are city officers appointed by the legislative body of the city when it elects to acquire parking places under the act, and are removable at the pleasure of that body. It is the local governing body and not the Legislature that confers upon the commission the right to exercise its function. Such a commission does not come within the prohibition of section 13 of article XI of the Constitution. (*Lent* v. *Tillson*, 72 Cal. 404 [14 P. 71]; *In re Pfahler*, 150 Cal. 71, 87 [88 P. 270, 11 Ann. Cas. 911, 11 L.R.A.N.S. 1092]; *Housing Authority* v. *Dockweiler*, 14 Cal.2d 437, 463 [94 P.2d 794].)

Respondent contends that public parking places are not public improvements. The Legislature, however, has expressly authorized the acquisition of parking places to serve the public, and the legislation is valid so long as it serves some public purpose. (*In re Smith*, 143 Cal. 368 [77 P. 180]; *County of Los Angeles* v. *Dodge*, 51 Cal.App. 492 [197 P. 403]; *Egan* v. *San Francisco*, 165 Cal. 576 [133 P. 294, Ann. Cas. 1915A 754]; *Larsen* v. *San Francisco*, 182 Cal. 1 [186 P. 757]; *Irish* v. *Hahn*, 208 Cal. 339 [281 P. 385, 66 A.L.R. 1382].) Just as public streets can be used for the parking of motor vehicles, property can be acquired for the same use. Moreover, public parking places relieve congestion and reduce traffic hazards and therefore serve a public purpose. They may be compared to municipal airports, which have been recognized as public improvements. (*Krenwinkle* v. *City of Los Angeles*, 4 Cal.2d 611 [51 P.2d 1098]; see 63 A.L.R. 777; 69 A.L.R. 325; 135 A.L.R. 755.)

The levy of a special assessment is justified if the improvement is a public one and the property to be assessed will receive a special benefit. (*Mills* v. *City of Elsinore*, 93 Cal.App. 753 [270 P. 224]; *Federal Construction Co.* v. *Ensign*, 59 Cal.App. 200 [210 P. 536]; *Lloyd* v. *Redondo Beach,*

124 Cal.App. 541 [12 P.2d 1087].) Merchants frequently acquire and operate private parking places to attract customers and vacate buildings when no parking space for customers is available. Parking places that tend to stabilize a business section, by making it readily accessible to trade, benefit the property in the vicinity. (See *Lloyd* v. *City of Redondo Beach, supra.)*

Respondent contends finally that the city cannot condemn property for parking places, on the ground that such authority is not granted by the eminent domain provisions of the Code of Civil Procedure. The Vehicle Parking District Act, however, is a general law and expressly provides for the exercise of the power of eminent domain to acquire parking lots. (See *Frank* v. *Maguire,* 201 Cal. 414, 422 [257 P. 515].)

Let the peremptory writ issue as prayed.

Gibson, C. J., Shenk, J., Curtis, J., Carter, J., and Schauer, J., concurred.

EDMONDS, J., Concurring and Dissenting.—I concur in the conclusion of my associates that the Vehicle Parking District Act of 1943 (Stats. 1943, p. 2859) is valid upon its face, but I again point out that a question of public interest is decided in a "friendly suit" to which only the city, its clerk, and the publisher of the municipality's legal advertising are parties. In my opinion, such an action is collusive and for the reasons I have previously stated, should not be entertained by this court. (*City and County of San Francisco* v. *Boyd,* 22 Cal.2d 685, 707 [140 P.2d 666] ; and *City and County of San Francisco* v. *Linares,* 16 Cal.2d 441, 448 [106 P.2d 639].)