[Civ. No. 26730. Second Dist., Div. Three. Dec. 23, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. INEZ
CUNNINGHAM et al., Defendants and Appellants.

Phill Silver for Defendants and Appellants.

Stanley Mosk, Attorney General, Howard S. Goldin, Assistant Attorney General, N. B. Peek and Don G. Kircher, Deputy Attorneys General, for Plaintiff and Respondent.

FILES, J.—This is a proceeding in eminent domain, in which certain defendants have appealed from the judgment. The sole issue here is whether the taking is for a public use.

Acting under the authority conferred by section 5006 of the Public Resources Code, the Director of the Department of Natural Resources issued a declaration that public interest

and necessity required the acquisition of the subject property for the extension, improvement and development of the Santa Monica Beach State Park. The property is adjacent to the existing park, and is intended to be used for additional automobile parking space in the park. This park is owned by the state, but since 1956 has been operated by the City of Santa Monica under a written contract which the department entered into pursuant to Public Resources Code, section 5007. This agreement obligates the city to maintain, operate and develop the property for recreational and park purposes, and forbids the city to use it for any purpose not enumerated in the agreement. The contract further requires that the property shall at all times be accessible and subject to the use and enjoyment of all citizens of the state, subject to rules and regulations to be promulgated by the city. Such rules must conform to and be consistent with the rules and regulations promulgated by the state and generally applicable to the State Park System. Any fees charged by the city for the use of the accommodations shall be limited to actual needs for care, maintenance and control; and "commercialization for profit shall not be engaged in by City."

In operating this park the city has been charging fees not exceeding 75 cents per day for automobile parking. The parking fees are placed in a separate fund, which money is used only for the operation and maintenance of the park. These operational expenses include such items as employing lifeguards, cleaning the beach, and constructing and maintaining lifeguard stations and rest rooms.

After hearing the evidence the trial court made findings of fact that the property was sought to be condemned for a public use, and ordered a judgment for plaintiff whereby defendants were awarded damages in the amount which the jury found to be the fair market value. No question is raised as to the valuation.

Defendants' contention is, as they state it, that "The State of California may not lawfully acquire land by condemnation for the purpose of turning over said land to a municipality to be operated by said municipality as a parking lot for profit."

Defendants' theory entirely disregards the obvious: that the real purpose of the taking is to improve the usefulness of the public recreational facilities along the Santa Monica beach. To look at the automobile parking area separately and call it "a parking lot for profit" is to make the same mistake

as the blind man who touched the elephant's tail and reported that "the elephant is very like a rope." It is inaccurate to say that the state is "turning over" the land to the city unless it is also noted that the city is obligated to maintain the property for the public benefit in accordance with terms and conditions specified by the state.

Defendants do not dispute that the state may exercise the power of eminent domain to acquire land for a public park. (Code Civ. Proc., § 1238, subd. 3.) It is settled that land may be taken to provide the public with automobile parking facilities. (*City of Whittier* v. *Dixon*, 24 Cal.2d 664 [151 P.2d 5, 153 A.L.R. 956]; *Larsen* v. *City & County of San Francisco*, 152 Cal.App.2d 355 [313 P.2d 959].) These authorities fully dispose of defendants' assumption that the operation of an automobile parking lot is necessarily a "private business" in which a public agency may not engage. A *fortiori*, it is proper to take land to be added to a state park for the purpose of affording automobile parking space within the park.

 The fact that the state has contracted with the City of Santa Monica for the maintenance and operation of the park does not alter the fact that the park is devoted to a public use. The Legislature has expressly authorized the department to enter into such contracts. (Pub. Resources Code, § 5007.) In *Ventura Port District* v. *Taxpayers etc. Citizens & Electors*, 53 Cal.2d 227, 233-235 [1 Cal.Rptr. 169, 347 P.2d 305], the Supreme Court declared that it was permissible to take property for a small craft harbor where the property was to be leased to private operators under controls which would assure that the enterprise would serve the public purpose for which the land had been acquired.

The distinction between the facts of this case and the facts involved in *City & County of San Francisco* v. *Ross*, 44 Cal. 2d 52 [279 P.2d 529], should be noted. In the *Ross* case the city proposed to condemn land to be leased to private individuals who would build and operate a parking garage. The Supreme Court held the city lacked power to acquire the land because the city did not retain sufficient controls to make sure that the property would be operated to serve a public purpose. In the present case the state has contracted the operation of the park to a municipal corporation and has specified the terms and conditions under which the park will be operated for the public benefit.

It is idle to debate whether the parking lot revenues, inso-

far as they exceed parking lot operational expenses, are properly described as "profits." The proceeds belong not to Santa Monica, but to a trust which is devoted exclusively to a public purpose, namely the maintenance and operation of the state park.

The evidence is unquestionably sufficient to support the findings and judgment. Public Resources Code, section 5006.1, provides:

"The declaration of the director shall be prima facie evidence:

"(a) Of the public necessity of such proposed acquisition.

"(b) That such real or personal property or interest therein is necessary therefor.

"(c) That such proposed acquisition is planned or located in a manner which will be most compatible with the greatest public good and the least private injury."

In addition to this prima facie proof, the People offered the testimony of the property manager of the City of Santa Monica. He testified that there had been a shortage of automobile parking space in this area, and that during the summer months cars had been turned away. The subject property was a part of the land which the city and the state had planned to acquire for the Santa Monica Beach State Park under a plan of improvement adopted in 1957.

The judgment is affirmed.

Shinn, P. J., and Ford, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied February 19, 1964.