[Civ. No. 7895. Fourth Dist., Div. Two. Mar. 28, 1966.]

ANAHEIM UNION HIGH SCHOOL DISTRICT OF ORANGE COUNTY, Plaintiff and Appellant, v. HOPE VIEIRA, Defendant and Respondent.

Adrian Kuyper, County Counsel, and Arthur C. Wahlstedt, Jr., Deputy County Counsel, for Plaintiff and Appellant.

Caidin, Bloomgarden & Kalman and Newton Kalman for Defendant and Respondent.

KERRIGAN, J.—The school district initiated an action in eminent domain in July 1963 for the purpose of acquiring title to 20 acres of land for a school site. The defendant, Hope Vieira, is the owner of an undivided one-half interest in the subject property and the remaining interest is held by the defendant, Security-First National Bank of Los Angeles, as trustee of an estate. The case proceeded to trial before the court, sitting without a jury, in March 1964 on the sole

preliminary issue as to whether the plaintiff had an intention of devoting the property to a public use, with the defendant Vieira contending that the school district had no intention of utilizing the land for school purposes within a reasonable period of time, and was thus precluded from taking the property.

The trial court determined that the resolution of the school board directing the acquisition of the property was conclusive as to the issue of public necessity. Experts in the field of school expansion and planning indicated that the school would be needed and constructed by the year 1967. No evidence was introduced indicating any bad faith or fraud on the part of the school district in seeking to acquire the property.

The trial court found that the condemner did not intend to devote the land to a public use within a reasonable period of time, and entered judgment in favor of the defendant, Vieira. The coowner, Security-First National Bank, did not contest the "necessity" or "use" issues and was therefore not affected by the said judgment.

The salient issue herein involved is whether the trial court erred in ruling that the school district could not condemn the property for school purposes because the condemner did not intend to commence construction of a junior high school for a period of four years.

The power of eminent domain is an inherent attribute of sovereignty. (*County of San Mateo* v. *Coburn,* 130 Cal. 631 [63 P. 78, 621].) The only limitations placed upon the exercise of the right of eminent domain are those imposed by article I, section 14, of the California Constitution and the Fourteenth Amendment of the United States Constitution, which require that the taking of private property by a governmental agency be for a "public use" and that "just compensation" be paid for such taking. (*People* v. *Chevalier,* 52 Cal.2d 299 [340 P.2d 598].)

Section 1241, subdivision 2 of the Code of Civil Procedure provides that the adoption of a resolution to condemn private property by a vote of two-thirds of the members of a school board shall constitute conclusive evidence of the following factors: (1) the public necessity of such proposed public improvements; (2) such property is necessary for the construction of the public improvement; and (3) such proposed public improvement is planned or located in the manner which will be the most compatible with the greatest public good and the least private injury.

■ Section 1241, subdivision 2 of the Code of Civil Procedure has the effect of placing the determination of the question of "necessity" within the exclusive province of the condemning body, by expressly determining that the latter's determination of "necessity" shall be "conclusive evidence" thereof. ■ Once it is judicially established that a use is public, it is within the exclusive province of the Legislature to pass upon the necessity for appropriating private property for that use. (*People* v. *Lagiss,* 223 Cal.App.2d 23 [35 Cal. Rptr. 554]; *People* v. *Chevalier, supra,* 52 Cal.2d 299.)

■ It may be fairly stated that the substance of the defendant's objection to the taking of her land is that the school district does not presently *need* her land for school purposes. This contention relates to the issue of "necessity" as distinguished from the principle of "public use" and is consequently not justiciable.

■ Motives or reasons for declaring that it is necessary to take land are immaterial once the condemner establishes that the property condemned is to be utilized for an established public use. (*County of Los Angeles* v. *Bartlett,* 203 Cal. App.2d 523 [21 Cal.Rptr. 776].)

■ The taking of private property for school purposes is clearly a "public use" and expressly authorized by statute. (Code Civ. Proc., § 1238, subd. 3; *Hayward Union High School Dist.* v. *Madrid,* 234 Cal.App.2d 100 [44 Cal.Rptr. 268].)

■ The taking of private property for a public purpose may not be disputed in the absence of fraud or bad faith as to its use on the part of the condemning body. (*Rindge Co.* v. *County of Los Angeles,* 262 U.S. 700 [43 S.Ct. 689, 67 L.Ed. 1186].)

■ Where fraud or bad faith are pleaded, the determination as to public use is not conclusive, and it must then be ascertained whether the taking of private land is, in fact, for a public purpose.

■ When the necessity for taking private property has been established by the condemner, the burden is upon the owner to prove by a preponderance of the evidence that the condemner's "real purpose" in seeking to acquire the land is to devote it to some "private purpose" and not utilize it for a "public purpose." (*People* v. *Lagiss, supra,* 223 Cal. App.2d 23.)

■ The record is devoid of any evidence of fraud or bad faith applicable to the school district in acquiring this land. Conversely, the evidence is overwhelming that the only pur-

pose of the school district in condemning the defendant's property is to utilize it for a junior high school site, which is an established public use.

The judgment is reversed and the cause is remanded for a trial on the issue of "just compensation."

McCabe, P. J., and Tamura, J., concurred.

The petition of respondent Vieira for a hearing by the Supreme Court was denied May 25, 1966. Peters, J., and Mosk, J., were of the opinion that the petition should be granted.