[Civ. No 8616.    Fourth Dist., Div. Two.    Mar. 7, 1968.]

CITY OF ANAHEIM, Plaintiff and Appellant, v. GEORGE A. MICHEL et al., Defendants and Respondents.

Joseph B. Geisler, City Attorney, and John H. Dawson, Assistant City Attorney, for Plaintiff and Appellant.

Trippet, Yoakum & Ballantyne, Trippet, Yoakum & Papiano, Oscar A. Trippet, Neil Papiano and Leonard M. Amato for Defendants and Respondents.

KERRIGAN, J.—The City of Anaheim appeals from a judgment dismissing its eminent domain action wherein it sought to condemn a parcel of property owned by the defendants "for the construction, improvement and maintenance of a stadium complex, sports arena and associated parking. . . ." The plaintiff built and developed the Anaheim Stadium on a site adjacent to defendants' property. The City's purpose in seeking to condemn defendants' land is to utilize it for parking, and for ingress and egress, in connection with the operation of the stadium. However, plaintiff's complaint originally contemplated the taking of the property for stadium, sports arena, and associated parking purposes, including ingress and egress.

The stadium was constructed by the plaintiff-city with a seating capacity of 45,000-50,000 persons. The stadium is primarily devoted to use as a major-league baseball park. Incidental uses include football games, rodeos, religious meetings, baccalaureate services, outdoor concerts, musical and dramatic productions, midget auto racing, holiday celebrations and spectacles, auto and boat shows, public gatherings calling for attendance in excess of convention center facilities, and generally speaking, any outdoor presentation which might require substantial seating capacity. The cost for converting the baseball playing field to other uses would ordinarily be nominal in amount inasmuch as public address and lighting systems have been permanently installed and are adaptable for use for any outdoor occasion or event.

Pursuant to stipulation, the cause came on for trial solely on the issue of public use. The trial court made the following findings: (1) That the action was brought by the City pursuant to the provisions of sections 1238.1 and 1238.4 of the Code of Civil Procedure; (2) that the plaintiff intended to use the defendants' property solely for parking and ingress and egress in connection with the use and occupancy of the Ana-

heim Stadium; (3) that plaintiff did not intend to use defendants' property for the purpose of off-street parking; (4) that the Anaheim Municipal Stadium is *not* an auditorium; and (5) that the major tenant of the stadium is the Golden West Baseball Company (California Angels).

The trial court concluded that plaintiff was not empowered nor authorized under sections 1238.1 nor 1238.4 of the Code of Civil Procedure to exercise the right of eminent domain for "a stadium complex, sports arena and associated parking," and that a judgment dismissing the action in favor of the defendants should be entered. However, the court further concluded that the use by the City of the Anaheim Municipal Stadium and the surrounding parking area constituted a proper "public use."

While the City now maintains that numerous legislative enactments empower it to take private property through eminent domain for use as a stadium complex, sports arena and associated parking, in its complaint condemner relied only on the provisions contained in sections 1238.1 and 1238.4 of the Code of Civil Procedure, and our review will be confined to the statutory authority urged in the trial court.

Consequently, the issue on appeal may be simply defined as whether, under the provisions of sections 1238.1 or 1238.4 of the Code of Civil Procedure, a municipality enjoys the power to take private property through eminent domain for parking purposes connected with the operation of a stadium complex owned by the city.

The power of eminent domain is an inherent attribute of sovereignty. (*County of San Mateo* v. *Coburn,* 130 Cal. 631, 634 [63 P. 78, 621]; *Anaheim Union High School Dist.* v. *Vieira,* 241 Cal.App.2d 169, 171 [51 Cal.Rptr. 94].) The only limitations placed on the exercise of the right of eminent domain are those imposed by article I, section 14, of the California Constitution and the Fourteenth Amendment of the United States Constitution, which require that the taking of private property by a governmental agency be for a "public use" and that "just compensation" be paid for such taking. (*People* v. *Chevalier,* 52 Cal.2d 299, 304 [340 P.2d 598]; *Anaheim Union High School Dist.* v. *Vieira, supra.*) Nevertheless, a municipal corporation has no inherent power of eminent domain and can exercise it only when expressly authorized by law. (*City of Menlo Park* v. *Artino,* 151 Cal.App.2d 261, 266 [311 P.2d 135].)

Section 1238.1 of the Code of Civil Procedure provides:

". . . the right of eminent domain may be exercised in behalf of the following public uses:

"1. Off-street parking. Off-street motor vehicle parking places, including property necessary or convenient for ingress thereto or egress therefrom, established by any city or city and county for public use."

Section 1238.4 of the Code of Civil Procedure provides: ". . . the right of eminent domain may be exercised in behalf of the following public uses:

"**Public Assembly Facilities.** Public buildings and grounds for convention and exhibit halls, trade and industrial centers, auditoriums, opera houses, music halls and centers, and related facilities for public assembly including off-street motor vehicle parking places and property necessary or convenient for ingress thereto or egress therefrom."

■ Plaintiff urges that "associated parking" is "off-street parking" within the meaning of section 1238.1 of the Code of Civil Procedure, and that a "stadium" is the equivalent of an "auditorium" as that term is utilized in section 1238.4 of the Code of Civil Procedure, and that it necessarily follows that both sections authorize the taking of defendants' property.

■ Since statutes conferring the power of eminent domain necessarily provide for the taking of property without the consent of the owner, they should be strictly construed. (*McCarty* v. *Southern Pac. Co.*, 148 Cal. 211, 216 [82 P. 615]; *San Francisco & Alameda Water Co.* v. *Alameda Water Co.*, 36 Cal. 639, 644.) While the grant of power should not be extended by implication, there should not be a construction so narrow as to defeat the evident purpose of the Legislature. (*Central Pac. Ry. Co.* v. *Feldman*, 152 Cal. 303, 306 [92 P. 849].)

■ The trial court concluded, in effect, that parking facilities adjoining the Anaheim Stadium do not constitute off-street parking under section 1238.1 of the code. Such a limited and restricted interpretation of the law would prevent the accomplishment of its manifest purpose. It has long been settled in California that property may be taken under the power of eminent domain to provide the public with automobile parking facilities. (*City of Whittier* v. *Dixon*, 24 Cal.2d 664, 667 [151 P.2d 5, 153 A.L.R. 956]; *People* v. *Cunningham*, 223 Cal.App.2d 744, 746 [35 Cal.Rptr. 814]; *Larsen* v. *City & County of San Francisco*, 152 Cal.App.2d 355, 362 [313 P.2d 959].) "Just as public streets can be used for the parking of

motor vehicles, property can be acquired for the same use. Moreover, public parking places relieve congestion and reduce traffic hazards and therefore serve a public purpose.'' (*City of Whittier* v. *Dixon, supra; City of Menlo Park* v. *Artino, supra,* 151 Cal.App.2d 261, 268.)

Section 1238.1 of the Code of Civil Procedure has been viewed as establishing a general power of eminent domain to acquire land for parking. (*City & County of San Francisco* v. *Ross,* 44 Cal.2d 52, 55 [279 P.2d 529]; see 3 U.C.L.A. L.Rev. 121, fn. 15.) We conclude that it was the legislative purpose to include within this general power the power to condemn for parking associated with a multi-purpose stadium. The only restriction on the exercise of this power is that the governmental authority prove that the land is being acquired for a ''public use.'' (*City & County of San Francisco* v. *Ross, supra,* p. 56.) In the case at bar, the trial court expressly determined that use by the City of Anaheim of the stadium and surrounding parking area constituted a proper public use, and this conclusion is binding on us. (*City of Menlo Park* v. *Artino, supra,* 151 Cal.App.2d 261, 271.)

The trial court was fully justified in its conclusion inasmuch as statutory and judicial authority exist to the effect that the acquisition, construction, and operation of a stadium by a county or city represents a legitimate public purpose. (Gov. Code, §§ 25351, 54061; *City of Los Angeles* v. *Superior Court,* 51 Cal.2d 423, 434 [333 P.2d 745]; *County of Los Angeles* v. *Dodge,* 51 Cal.App. 492, 500 [197 P. 403]; see also *County of Alameda* v. *Meadowlark Dairy Corp.,* 227 Cal. App.2d 80, 85 [38 Cal.Rptr. 474].)

Consequently, the judgment must be reversed and the cause remanded to the superior court for trial on the issue of compensation.

Resolution of the issue of whether a stadium is an ''auditorium'' within the meaning of section 1238.4 of the Code of Civil Procedure has been rendered moot in view of the foregoing decision, although there is foreign authority which would lend support to such an interpretation. (See *Meyer* v. *City of Cleveland,* 35 Ohio App. 20 [171 N.E. 606].)

The attempted appeal from the order denying plaintiff's motion for a new trial is dismissed inasmuch as such an order is nonappealable. (Code Civ. Proc., § 963, subd. 2; *Torres* v. *City of Los Angeles,* 58 Cal.2d 35, 55 [22 Cal.Rptr. 866, 372 P.2d 906].)

The judgment is reversed and the cause is remanded for trial on the issue of compensation.

McCabe, P. J., and Gabbert, J. pro tem.,* concurred.

A petition for a rehearing was denied April 3, 1968, and respondents'. petition for a hearing by the Supreme Court was denied May 1, 1968. Traynor, C. J., Peters, J., and Tobriner, J., were of the opinion that the petition should be granted.

*Assigned by the Chairman of the Judicial Council.