Filed 12/5/14  Marriage of Metzger CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| In re the Marriage of TAMMY METZGER and RAPHAEL METZGER<br>_____<br>TAMMY METZGER,<br><br>     Respondent and Petitioner,<br><br>     v.<br><br>RAPHAEL METZGER,<br><br>     Appellant and Respondent. | B254363<br><br>(Los Angeles County<br>Super. Ct. No. ND062399) |

APPEAL from an order of the Superior Court of Los Angeles County,

John Chemeleski, Temporary Judge.* Affirmed in part; reversed in part and remanded.

Metzger Law Group and Raphael Metzger in pro. per., for Appellant and

Respondent.

Brandmeyer Gilligan & Dockstader, Brian K. Brandmeyer and Wendy K. Tse for

Respondent and Petitioner.

_____

*      Pursuant to Cal. Const., art. VI, § 21.

Raphael Metzger appeals the trial court's order modifying temporary spousal support and ordering him to advance shares of community property to his ex-wife, Tammy Metzger.[1] Raphael argues primarily that the trial court erred in not abiding by the legislative policy inherent in Family Code section 4320, subdivision (*l*),[2] and that the advancement of community property violated his constitutional rights. We disagree and affirm.

## *FACTUAL AND PROCEDURAL BACKGROUND*

Tammy and Raphael were married on November 2, 2003, and their daughter was born the following year. On July 30, 2009, Tammy filed a petition to dissolve her marriage with Raphael. On November 12, 2009, the trial court ordered Raphael to pay Tammy $8,000 per month in spousal support based on Raphael's reported monthly income of $26,995 per month.

On June 21, 2013, Tammy moved to increase spousal support to $95,613 per month on the grounds that Raphael's monthly income was $312,235. She also presented evidence that her average monthly expenses totaled $20,813. Raphael opposed the request for a modification arguing that (1) spousal support should be terminated under section 4320 because he had already paid spousal support for four years which was longer than half the duration of the marriage, and (2) Tammy had refused to work since filing this action, breaching her obligation to help support herself.

---

[1]    For simplicity and clarity, we refer to the parties by their first names. We intend no disrespect or undue familiarity.

[2]    All future statutory references are to the Family Code unless otherwise stated.

On July 26, 2013, the trial court found that Raphael's monthly income was $137,920 and increased spousal support to $10,000 per month.

Approximately four months later, Raphael moved to terminate spousal support and argued, again, that (1) he had already paid spousal support for a period that was longer than half the duration of the marriage, and (2) Tammy had not made any efforts to become self-sufficient. Raphael also argued that the factors set forth in section 4320 supported the termination of spousal support.

In opposition, Tammy argued that (1) Raphael had not shown a material change of circumstances warranting modification of the spousal support order, and (2) section 4320 only applied to permanent spousal support orders and, with respect to temporary support orders, the court need only consider the supported party's needs and the supporting party's ability to pay. Tammy also filed an income and expense declaration stating that she had $20,684 in average monthly expenses.[3]

In reply, Raphael argued that there were material changes in circumstances, namely (1) the trial had been stayed, (2) Tammy had refused to stipulate to allow another judge to try certain portions of the trial,[4] and (3) Raphael had now paid spousal

---

[3] Tammy's income and expense declaration listed her monthly expenses as "actual expenses" but also referred to the same expenses as "estimated expenses" and "proposed needs."

[4] Raphael appealed the trial court's order appointing minor's counsel for his daughter which caused the trial to be stayed pending the appeal. The trial court asked the parties if they would stipulate to bifurcating the trial and allowing a different judge to try a portion of the trial. Pursuant to this proposed stipulation, a portion of the trial would proceed pending the appeal. Tammy refused to stipulate to this proposal.

3

support for an additional six months. Raphael also argued that Tammy was judicially estopped from arguing that temporary spousal support may not be terminated pre-judgment because she had repeatedly sought trial continuances. In addition, Raphael suggested that the court could "condition its termination of spousal support payments on [him] paying [Tammy] up to $2,750 per month as an advance of her share of community property . . . . " Lastly, Raphael challenged the accuracy of Tammy's income and expense declaration, arguing that "she ha[d] intentionally inflated her expenses."

The motion was heard on January 29, 2014. Raphael argued that the trial court should terminate spousal support, or, in the alternative, that the court order Raphael to "give [Tammy] monthly payments as an advance of her community property." The court granted the motion in part and denied it in part.[5] The court stated that "[i]n this case we look at the needs and ability to pay as primary factors, but we also consider the standard of living during the marriage . . . . I'm going to make an order that will keep the 10,000 in effect . . . however . . . if the trial court has not decided the issue by the

---

Raphael then argued that Tammy's refusal to so stipulate was the cause of the trial's delay.

[5] On appeal, Raphael contends that the trial court "merely announced his ruling without explaining the basis therefor," and ignored his request for a statement of decision. In fact, the trial court provided the parties with an oral explanation of the reasons for the ruling and correctly stated that "this is not a trial so you don't have the usual statement of decision requirements." (See Code of Civ. Proc., § 632; see also *Lien v. Lucky United Properties Investment, Inc.* (2008) 163 Cal.App.4th 620, 623-624 ["The requirement of a written statement of decision generally does not apply to an order on a motion, even if the motion involves an evidentiary hearing and even if the order is appealable."])

4

end of this year . . . the spousal support will be reduced to zero[.] . . . [I]f the property division has not been decided by a final judgment by that time, [Raphael] will continue to pay 10,000 a month as an advance on property distribution, that is . . . [out of Tammy's] share of any community property . . . . "

Even after the court stated its order, Raphael argued "why not [advance community property] right now because, otherwise, I'm going to be filing an appeal and posting a bond, and she's not gonna get anything? . . . Wouldn't it be more prudent to have me pay her the $10,000 a month now as an advance [out of] her community property . . . . ?" The court declined to change its order. Raphael timely appealed.

### CONTENTIONS

Raphael contends that the trial court erred in denying his motion to terminate spousal support because (1) section 4320, subdivision (*l*) provides that spouses should become self-supporting within a reasonable time, and Tammy had not done so, and (2) Tammy is judicially estopped from arguing that spousal support may not be terminated before judgment because she delayed the trial. Next, Raphael argues that the order requiring him to advance money from Tammy's community property violated his procedural due process rights because he was not given notice of this possibility or an opportunity to be heard on this matter. Lastly, Raphael argues that the order requiring the advancement of community property "violated [his] right not to have property taken from him for a public purpose without just compensation."[6]

---

[6] Tammy also argues in her respondent's brief that the trial court erred in terminating support payments and ordering Raphael to advance shares of her

5

1.      *Standard of Review*

"An order regarding the modification of spousal support is reviewed for abuse of discretion.  [Citation.]"[7]  (*In re Marriage of Tong and Samson* (2011) 197 Cal.App.4th 23, 29.)  " 'In exercising its discretion the trial court must follow established legal principles and base its findings on substantial evidence.  [Fn. omitted.]  If the trial court conforms to these requirements its order will be upheld whether or not the appellate court agrees with it or would make the same order if it were a trial court.'  [Citation.]" (*In re Marriage of West* (2007) 152 Cal.App.4th 240, 246.)

With respect to Raphael's constitutional arguments, "[d]etermining if the trial court adhered to a constitutional principle is solely a question of law . . . [that] we review [] de novo."  (*In re Conservatorship of Christopher A.* (2006) 139 Cal.App.4th 604, 610.)  "Appellate courts conduct an independent review of questions of law; they decide them without deference to the decision made below."  (*Coburn v. Sievert* (2005) 133 Cal.App.4th 1483, 1492.)

---

community property.  As Tammy has not filed an appeal or cross-appeal from this order, we do not consider these arguments.

[7]      Raphael argues that we should review the trial court's order under the de novo standard of review because the evidence he presented to the court was undisputed. This argument fails for two reasons.  First, the evidence before the court was not undisputed; Raphael argued that Tammy's evidence of her expenses was "inflated."  Second, only pure questions of law based on undisputed facts are subject to de novo review. (*1300 N. Curson Investors, LLC v. Drumea* (2014) 225 Cal.App.4th 325, 332.)  Here, aside from his constitutional arguments, Raphael is challenging the trial court's application of law to facts which is reversible only if arbitrary and capricious. (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711.)

2.    *Applicable Law*

Temporary or pendente lite spousal support is governed by section 3600 which provides that "[d]uring the pendency of any proceeding for dissolution of marriage or for legal separation of the parties . . . the court may order (a) the husband or wife to pay any amount that is necessary for the support of the wife or husband, consistent with the requirements of subdivisions (i) and (m) of Section 4320 . . . . " Subdivisions (i) and (m) of section 4320 allow the trial court to consider evidence of domestic violence between the parties and the criminal conviction of an abusive spouse.

" 'The purpose of temporary spousal support is to maintain the status quo as much as possible pending trial.' [Citation.]" (*In re Marriage of Campbell* (2006) 136 Cal.App.4th 502, 507.) In other words, " ' "[t]he manifest purposes of pendente lite allowances to a wife are to enable her to live in her accustomed manner pending the disposition of the action and to provide her with whatever is needed by her to litigate properly her side of the controversy. [Citations.]" ' " (*In re Marriage of Dick* (1993) 15 Cal.App.4th 144, 166.) On the other hand, "[t]he purpose of permanent spousal support is not to preserve the preseparation status quo but to provide financial assistance, if appropriate, as determined by the financial circumstances of the parties after their dissolution and the division of their community property." (*In re Marriage of Burlini* (1983) 143 Cal.App.3d 65, 68.)

"Awards of temporary spousal support do not serve the same purpose, nor are they governed by the same procedures, as awards for permanent spousal support." (*In re Marriage of Dick, supra,* 15 Cal.App.4th at p. 166.) "Awards of temporary

7

spousal support rest within the broad discretion of the trial court and may be ordered in 'any amount' (§ 3600) subject only to the moving party's needs and the other party's ability to pay. [Citation.] Permanent support, by contrast, is constrained by numerous statutory factors set out in section 4320. [Citations.]" (*In re Marriage of Murray* (2002) 101 Cal.App.4th 581, 594.)

Section 4320 provides in pertinent part "[i]n ordering spousal support under this part, the court shall consider all of the following circumstances. . . . (*l*) The goal that the supported party shall be self-supporting within a reasonable period of time . . . . [A] 'reasonable period of time' for purposes of this section generally shall be one-half the length of the marriage. However, nothing in this section is intended to limit the court's discretion to order support for a greater or lesser length of time, based on any of the other factors listed in this section . . . and the circumstances of the parties." Other than subdivisions (i) and (m) of section 4320 which are specifically referenced in section 3600, the factors in section 4320 apply only to permanent spousal support orders. (See *In re Marriage of Tong and Samson, supra,* 197 Cal.App.4th at p. 30.)

An order awarding temporary spousal support "may be modified or terminated at any time except as to an amount that accrued before the date of the filing of the notice of motion or order to show cause to modify or terminate." (Section 3603.) "A spousal support order is modifiable only upon a material change of circumstances since the last order. 'Change of circumstances' means a reduction or increase in the supporting spouse's ability to pay and/or an increase or decrease in the supported spouse's needs. It includes all factors affecting need and the ability to pay." (*In re Marriage of West,*

8

*supra,* 152 Cal.App.4th at p. 246.)  "[T]he mere passage of time is not alone a sufficient basis for modification. [Citation.]  With the passage of time, changed circumstances may occur, but it is the change in circumstances and not the passage of time which is material.  [Citations.]" (*In re Marriage of Heistermann* (1991) 234 Cal.App.3d 1195, 1202.)  " 'Absent a change of circumstances, a motion for modification is nothing more than an impermissible collateral attack on a prior final order.  [Citation.]' " (*In re Marriage of Khera & Sameer* (2012) 206 Cal.App.4th 1467, 1479.)

> 3.     *There Was No Abuse of Discretion*

Raphael contends that the trial court erred by "disregarding the legislative policy that support should last half the duration of a brief marriage."  In support of this argument, Raphael cites to section 4320, subdivision (*l*) and case law addressing permanent spousal support.[8]  Tammy contends that section 4320 only governs permanent spousal support.

The trial court was not required to consider subdivision (*l*) of section 4320 in determining temporary spousal support or in ruling on a motion to terminate such support because that provision only governs permanent spousal support.  Section 3600 governs temporary spousal support subject only to subdivisions (i) and (m) of

---

[8]     Raphael claims that subdivision (*l*) of section 4320 provides that the reasonable period of time within which spouses should become self-supporting "shall be one-half the length of the marriage."  Raphael has selectively quoted from the statute.  In fact, section 4320, subdivision (*l*) provides that the " 'reasonable period of time' " "*generally* shall be one-half the length of the marriage," and that "*nothing* in this section is intended to limit the court's discretion to order support for a greater or lesser length of time, based on any of the other factors listed in this section . . . and the circumstances of the parties." (Section 4320, subd. (*l*), (emphasis added.).)

9

section 4320. Accordingly, the trial court did not abuse its discretion in "disregarding the legislative policy" embodied in section 4320, subdivision (*l*).

Furthermore, the appropriate inquiry, with respect to a motion to modify or terminate spousal support, is whether there has been a material change of circumstances since the last spousal support order. (*Marriage of West, supra,* 152 Cal.App.4th at p. 246.) " 'Change of circumstances' means a reduction or increase in the supporting spouse's ability to pay and/or an increase or decrease in the supported spouse's needs." (*Ibid.*) Here, Raphael did not argue that he lacked the ability to pay spousal support, and Tammy presented evidence that her monthly expenses remained approximately the same. Accordingly, the trial court did not abuse its discretion in finding there was no substantial change of circumstances warranting an immediate termination of temporary spousal support.

With respect to Raphael's argument that Tammy is judicially estopped "from arguing that spousal support payments cannot be terminated before judgment has been entered," Tammy never made this argument.[9] Accordingly, Raphael's argument about judicial estoppel is not relevant.

In Raphael's reply, he raises, for the first time, the argument that Tammy is judicially estopped from "seeking continued spousal support," because she caused a delay in trial. It is well settled law that " '[p]oints raised for the first time in a reply

_____

[9]     Raphael also argues that "although [the trial court] apparently believed that [it] could not terminate spousal support payments before judgment, California law did allow such." In fact, at the hearing, the trial court indicated to the parties that temporary spousal support *could* be terminated prior to judgment, and, in fact, *ordered* that temporary spousal support end in ten months *even if* judgment had not been entered.

10

brief will ordinarily not be considered, because such consideration would deprive the respondent of an opportunity to counter the argument.' [Citation.]" (*Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 764.)  Furthermore, we note that the evidence before the trial court suggested that the delays in trial were not solely the result of Tammy's actions.

4.      *The Court Did Not Violate Raphael's Due Process Rights*

Raphael contends that the trial court ordered him to advance Tammy's community property to her "without prior notice to [Raphael] and without providing him an opportunity to be heard regarding the order."  Given that Raphael suggested that the court advance community property to Tammy both in his reply and at the hearing, he cannot be arguing that he lacked notice of this procedure.  We presume that Raphael is arguing that he lacked notice that the court would order him to advance community property in an amount greater than that requested.

Raphael argues that "[a]t the hearing on [his] motion to terminate spousal support payments, the trial court did not inform [him] that it was contemplating issuing the order."  However, the court *did* indicate, at the hearing, that it was going to order Raphael to advance $10,000 per month out of Tammy's community property.  In addition, with respect to having an opportunity to be heard, the court then allowed Raphael to make further argument on this point.  At that point, Raphael suggested that

the court order him to advance Tammy $10,000 out of her community property right away. Accordingly, Raphael's due process argument is without merit.[10]

   5.      *There Was No Unconstitutional Taking*

Raphael argues that "requiring [him] to pay $10,000 per month to Tammy constituted a taking of property for a public purpose without just compensation." It is unclear whether Raphael is referring to the temporary spousal support order or the order requiring him to advance $10,000 per month out of Tammy's community property. However, the challenge fails either way.

 In support of this argument, Raphael cites to the Fifth Amendment of the U.S. Constitution which provides that private property shall not "be taken for public use, without just compensation." " 'Public use' " is defined as "a use which concerns the whole community or promotes the general interest in its relation to any legitimate object of government." (*Bauer v. County of Ventura* (1955) 45 Cal.2d 276, 284.) Accordingly, the following have been recognized as public uses: community redevelopment (*Redevelopment Agency v. Del-Camp Investments, Inc.* (1974) 38 Cal.App.3d 836), schools (*Anaheim Union High School Dist. of Orange County v. Vieira* (1966) 241 Cal.App.2d 169), and water supply systems (*Patel v. Southern Cal. Water Co.* (2002) 97 Cal.App.4th 841). Spousal support does not qualify as a "public

---

**10**     Raphael contends the trial court lacked authority to advance community property, however, he is estopped from challenging the court's authority to grant this relief when he requested it. (See *Mt. Holyoke Homes, LP v. California Coastal Com.* (2008) 167 Cal.App.4th 830, 842 [holding a developer was estopped from contesting the commission's jurisdiction to hear an administrative appeal when the developer essentially acquiesced to jurisdiction, or alternatively, invited error.])

use" because it does not concern the whole community or promote the general interest, but rather promotes the supported party's ability to maintain her standard of living during the case and to litigate her side of the controversy. (See *In re Marriage of Dick, supra,* 15 Cal.App.4th at p. 166.) Accordingly, Raphael's takings argument is without merit.

6. *The Trial Court Erred in Ordering Raphael to Advance Community Property Without First Considering Evidence on the Extent of the Community Property*

The parties agree that the trial court should have first taken inventory of the parties' community property prior to ordering Raphael to advance such property to Tammy. We also find the court erred in making such an order without receiving evidence on this issue. Accordingly, we will reverse the order advancing community property and remand for further proceedings of this nature.

13

## DISPOSITION

We reverse the order advancing community property and remand with instructions for the trial court to consider evidence on the extent of the parties' community property.  In all other respects, the order is affirmed.  Tammy is awarded her costs on appeal.

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

ALDRICH, J.

WE CONCUR:

KITCHING, Acting P. J.

EDMON, J.*

---

*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.